MICHELE POWER
SEAN BROWN
WHITNEY POWER
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: (907) 543-4700
Facsimile: (888) 887-1146

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BYRON STEPHANOFF and JUSTINA STEPHANOFF, individually and on behalf of their minor children, C. S., N. S., and A. T.; JOSEPHINE LARSON, individually and on behalf of her minor children, T. L., and K. L.; VICTOR SHORTY and HELEN SHORTY, individually and on behalf of their minor children, D. E., J. E., C. S. and M. S.; FRED TINKER and PATRICIA TINKER, individually and on behalf of their minor children, P. T., K. T., A. T., and C. T., <br><br>                Plaintiffs,<br><br>vs.<br><br>CITY OF RUSSIAN MISSION and UNITED STATES OF AMERICA,<br><br>                Defendants. | Case No._____ cv _____ ( _____ )<br><br><br>**COMPLAINT FOR DAMAGES** |

Plaintiffs, by and through counsel, Power and Brown, LLC, for their cause of action against Defendants state and allege as follows:

**Parties and Jurisdiction**

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

- 1 -

Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiffs submitted timely administrative claims based on the facts alleged herein to the Department of Health & Human Services. More than six months has passed since the receipt of the claims, which have been neither admitted nor denied. The claims are deemed by plaintiffs to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in Plaintiffs' Complaint, Alaska Native Tribal Health Consortium (ANTHC) was an Alaska Native contractor that was funded and operated under a contract or compact between ANTHC and the Department of Health and Human Services, Indian Health Service (DHHS/IHS), pursuant to the Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. §§ 450a to n.

4. For claims of personal injury resulting from actions taken while performing programs, activities, functions or services under the compact, ANTHC is deemed to be part of the Federal Public Health Service (PHS) pursuant to 25 U.S.C. §450f(d). Further, with respect to claims resulting from the performance of its ISDEAA contract or compact with the IHS, ANTHC is deemed to be part of the IHS, and any civil action against ANTHC involving such claims is deemed to be an action against the United States subject to the provisions of the Federal Tort Claims Act (FTCA), pursuant to 25 U.S.C. §450f. Thus, Plaintiffs' claims against ANTHC are deemed to be an action against the United States under the FTCA.

5. The Alaska Rural Utility Collaborative (ARUC) is a program of ANTHC that provides managerial and operational services for the Russian Mission sewer system. As such, with

respect to claims resulting from the performance of its program under ANTHC, any actions against ARUC are deemed to be actions against the United States subject to provisions of the FTCA.

6. At the time of the conduct that forms the basis for the allegations in Plaintiffs' Complaint, Plaintiffs were residents of Russian Mission, Alaska.

7. At all times relevant to this action, the City of Russian Mission is a municipality in western Alaska, located in the Fourth Judicial District.

8. The claims alleged herein arose in Russian Mission in the United States District of Alaska.

## Common Factual Allegations

9. Defendant City of Russian Mission owns, maintains, manages, or operates the water and sewer in Russian Mission.

10. Defendant United States of America, by and through ARUC, managed, operated or maintained the water and sewer systems in Russian Mission.

11. Defendants failed to maintain, manage and operate the water and sewer system in Russian Mission in a reasonably safe manner.

12. As a result, between on or about January, 2011 and June, 2011, raw sewage flowed out of the Russian Mission sewer pipes onto Plaintiffs' property, contaminating the property and causing a noxious odor to permeate their premises.

13. Defendants were on notice of the sewage spill but failed to resolve the spill in a timely fashion, and failed to warn property owners of the dangers inherent in exposure to raw sewage.

14. Plaintiffs' damages were a result of Defendants' negligence in:

   (a) performing maintenance on the Russian Mission sewage pipes between on or about January, 2011 and on or about June, 2011;

   (b) failing to timely monitor the sewage pipes;

   (c) failing to timely inspect and repair the sewage pipes after learning of the overflow of raw sewage; and

   (d) failing to warn Plaintiffs of the danger inherent in exposure to the raw sewage.

15. As a consequence of Defendants' actions, raw sewage contaminated and fouled the air on Plaintiffs' property.

16. As a consequence of Defendants' actions, Plaintiffs were unable to fully occupy, use, and enjoy their homes, premises, and land.

17. As a consequence of Defendants' actions, Plaintiffs suffered: a) physical injuries and illness, including nausea and sickness, inconvenience, and loss of quality of life, b) damage to and contamination of real property and interests in property, structures, soils and land, clean-up costs, and diminution in value of their real property and interests in property, and c) inconvenience, anguish, anxiety, distress, discomfort, annoyance, and indignity, all in excess of $100,000.00, the exact amount to be proven at trial.

## Claim for Relief: Negligence

18. Plaintiffs incorporate all prior allegations herein.

19. Defendants undertook to manage, operate, and maintain the sewage system in Russian Mission and did so negligently.

- 4 -

20. As a consequence of Defendants' negligence, Plaintiffs suffered: a) physical injuries and illness, including nausea and sickness, and loss of quality of life, b) damage to and contamination of real property and interests in property, structures, soils and land, clean-up costs, and diminution in value of their real property and interests in property, and c) inconvenience, anguish, anxiety, distress, discomfort, annoyance, and indignity, all in excess of $100,000.00, the exact amount to be proven at trial.

### **Prayer For Relief:**

WHEREFORE, Plaintiffs pray for the following relief from the Court:

1. Judgment against Defendants including compensatory damages in an amount as yet to be determined by the jury, but in any event greater than $100,000.00;

3. Costs, interest, and attorney's fees incurred in bringing this action; and,

4. Such other relief as this Court may deem necessary and proper.

RESPECTFULLY SUBMITTED this 18th day of December, 2013, at Bethel, Alaska.

> s/ Michele L. Power
> P.O. Box 1809
> Bethel, Alaska 99559
> Phone: (907) 543-4700
> Fax: (888) 887-1146
> E-mail: admin@powerbrown.com
> ABA No. 9510047